UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORLANDO SANDOVAL MURILLO,

                Plaintiff,

- *against* -

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

                Defendant.

14 Civ. 3555 (KMK)(PED)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE KENNETH M. KARAS, United States District Judge:**

## I. BACKGROUND

Plaintiff Orlando Sandoval Murillo, through counsel, brought this action seeking review of the Commissioner's denial of his claim for disability benefits. The parties subsequently agreed to remand the matter back to the Commissioner for further administrative proceedings pursuant to 42 U.S.C. § 405(g), and judgment to that effect was entered on October 23, 2014.

Now before the Court is plaintiff's counsel's application for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. # 11). The motion comes before me pursuant to an Order of Reference dated January 7, 2015. For the reasons set forth below, I respectfully recommend that plaintiff's motion should be **GRANTED IN PART AND DENIED IN PART**.

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin, the current Acting Commissioner of Social Security, has been substituted as the defendant in this action.

## II. APPLICABLE LAW

A.   The Equal Access to Justice Act

The EAJA provides in relevant part that:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  A party seeking attorney's fees under the EAJA must, within thirty days after a final judgment is issued, file an application for fees (1) establishing that he is the prevailing party and eligible[2] to receive an award; (2) setting forth the amount of fees and expenses sought, including an itemized statement showing the actual time expended and the rate at which the fees were computed; and (3) alleging that the position of the United States was not substantially justified.  28 U.S.C. § 2412(d)(1)(B).

B.   Contemporaneous Time Records Under the EAJA

In the Second Circuit, contemporaneous time records have long been a mandatory prerequisite to an award of attorney fees under the EAJA.  New York State Assoc. for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).  See also Scott v. City of New York, 626 F.3d 130 (2d Cir. 2010).  Attorneys seeking court-ordered compensation must maintain and present to the court contemporaneous time records sufficient to permit the court to determine the nature of the work done, the need for it, and the amount of time reasonably required.  F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987).  So long as an attorney

---

[2] To be eligible for an award of fees under the EAJA, an individual's net worth must not exceed $2,000,000 at the time the civil action was filed.  28 U.S.C. § 2412(d)(2)(B)(I).

has made contemporaneous entries as work was completed, billing based on such entries satisfies the Carey requirement. Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 149 (2d Cir. 2014). However, fee petitions which are not supported by contemporaneous records are normally disallowed. Carey, 711 F.2d at 1154.

C.  Reasonable Fees Under the EAJA

The EAJA provides for an award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Under the EAJA, a reasonable hourly rate "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped at $125 per hour, unless the court determines that a higher fee is justified due to an increase in the cost of living or other special circumstances. 28 U.S.C. § 2412(d)(2)(A). Cost of living adjustments may be made for inflation and are calculated based upon the corresponding Consumer Price Index ("CPI") for each year in which services were performed. See Kerin v. United States Postal Serv., 218 F.3d 185, 194 (2d Cir. 2000).

### III. ANALYSIS

Plaintiff's counsel, Howard D. Olinsky, Esq., seeks an award of $1,691.80 in fees and $51.03 in costs. The fee request is based on an hourly rate of $195.60 for attorney time and $100.00 for paralegal time. Counsel's affidavit in support of the request describes the detailed printout which accompanies the request as follows:

> The attached records were created and stored in the firms Prevail

> Database, and are printed out and attached. The itemized time represents hours spent preparing and handling this case for U.S. District Court. Clerical time is not included in this petition or has been zeroed out.

(Dkt. # 12, p.6). The records attached to counsel's affidavit specify the date, hours spent, subject of the work done, and the timekeeper. The affidavit is silent as to when these records were created.

Defendant concedes that plaintiff has satisfied the statutory elements to receive a fee award under the EAJA and does not argue that special circumstances exist which would make an award unjust. Further, defendant has not raised an issue with respect to the hourly rates claimed, the number of hours expended, or the expenses sought by counsel. However, the Commissioner contends that the fee application should be disallowed to the extent that counsel seeks compensation for work which is not supported by contemporaneous time records.

The Commissioner relies on a declaration submitted by Mr. Olinsky in Kottwitz v. Commissioner of Social Security, 14 Civ. 2677 (PGG)(SN). In that matter, Mr. Olinsky acknowledged that, prior to October 3, 2014, his law firm's automated timekeeping system was not configured for contemporaneous timekeeping. On the basis of that admission, Magistrate Judge Netburn has recommended that the Olinsky firm's fee application should be denied because the firm failed to record its time as required under Carey. Kottwitz v. Commissioner of Social Security, 2015 WL 293821 (S.D.N.Y. Jan. 16, 2015) (Report and Recommendation).[3] The Commissioner has also informed the court that Judge Castel recently entered an order

---

[3] No objections to Judge Netburn's Report and Recommendation were filed. To date, however, Judge Gardephe has neither adopted nor rejected her recommended disposition.

denying pre-October 3, 2014 fees sought by the Olinsky firm on the basis of the Kottwitz declaration. See Miranda v. Colvin, 13 Civ. 3264 (PKC) (S.D.N.Y. filed Feb. 19, 2015).

Plaintiff's counsel does not disavow his concession – set forth in his Kottwitz declaration – that his firm's pre-October 3, 2014 billing records were not created contemporaneously with the events they document. Instead, Mr. Olinsky observes that his firm has "learned its lesson," has changed its procedures, and has presented records which include significantly more detail (by identifying who performed what tasks and by separating attorney time vs. paralegal time) than did the records submitted to the court in Kottwitz. Mr. Olinsky maintains that the more detailed records he has submitted here are comparable to those deemed acceptable by the Court of Appeals in the Mishkin case.

The bills at issue in Mishkin, however, were reconstructed from contemporaneously "time-stamped" records, a practice which the Court of Appeals concluded *might* satisfy Carey. Mishkin, 767 F.3d at 149-50 (remanding for further analysis of billing practices). Here, Mr. Olinsky has not shown that his firm kept *any* type of contemporaneous records. As for counsel's other arguments, the unfortunate reality is that a failure to maintain contemporaneous time records simply cannot be retroactively cured.

Accordingly, I recommend that plaintiff's counsel be awarded fees only for work performed after October 3, 2014, when the Olinsky firm activated contemporaneous timekeeping. That fee amounts to $521.04. The Commissioner does not object to paying that sum, or to paying counsel's costs, which amount to $51.03.

Finally, plaintiff has executed an affidavit waiving direct payment of the EAJA fee and assigning the fee to his attorney. Accordingly, I recommend that the Commissioner be directed

to remit the fee to Olinsky Law Group to the extent consistent with 31 U.S.C. § 3716. <u>See</u> <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010).

Accordingly, I respectfully recommend that the fee award be paid directly to Olinsky Law Group.

### III. CONCLUSION

For the reasons set forth above, I conclude—and respectfully recommend that Your Honor should conclude—that plaintiff's motion for fees pursuant to the EAJA should be **GRANTED** to the extent that counsel should be awarded $521.04 as his fee, along with $51.03 as costs. The grand total is **$572.07**, which may be remitted directly to counsel's firm.

Dated: April 2, 2015
       White Plains, New York

Respectfully Submitted,

_____
PAUL E. DAVISON, U.S.M.J.

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas

Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.