UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORLANDO SANDOVAL MURILLO,

                        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                        Defendant.

Case No. 14-CV-3555 (KMK) (PED)

ORDER ADOPTING IN PART &
MODIFYING IN PART REPORT &
RECOMMENDATION

KENNETH M. KARAS, District Judge:

       Orlando Sandoval Murillo ("Plaintiff") brought this Action seeking review of the Commissioner of Social Security's ("Commissioner") denial of his claim for disability benefits. Shortly after the Action was commenced, the Parties agreed to remand the matter back to the Commissioner for further administrative proceedings pursuant to 42 U.S.C. § 405(g). Judgment remanding the Action to the Commission was entered October 23, 2014. (Dkt. No. 10.)

       Plaintiff subsequently moved for an award of attorney's fees and costs (the "Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 11.) The Motion was referred to Magistrate Judge Paul E. Davison ("Judge Davison") by order dated January 7, 2015. (Dkt. No. 13.) Judge Davison issued a Report and Recommendation ("R&R"), recommending that the Court award Plaintiff attorney's fees in the amount of $521.04 and costs in the amount of $51.03. (Dkt. No. 18.) Plaintiff timely filed objections to the R&R on April 20, 2015, (Pl.'s Obj's to R&R ("Pl.'s Obj's") (Dkt. No. 19)), which the Court considers here. The Commissioner filed a response on April 28, 2015. (Comm'r's Mem. of Law in Response to Pl.'s Obj's ("Comm'r's Response") (Dkt. No. 20).) For the reasons discussed below, the Court adopts the R&R as modified herein.

I. Discussion

A. Standard of Review

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Bradley v. Comm'r of Soc. Sec.*, No. 12-CV-7300, 2015 WL 1069307, at *1 (S.D.N.Y. Mar. 11, 2015) (same). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

When a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Bradley*, 2015 WL 1069307, at *1. Further, the district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Alverio v. Colvin*, No. 13-CV-4722, 2015 WL 1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When the parties make no objections to the [r]eport [and recommendation], the [c]ourt may adopt [it] if there is no clear error on the face of the record." (internal quotation marks omitted)).

B. <u>Attorney's Fees Under the EAJA</u>

Under the EAJA,

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Second Circuit has advised that § 2412(d) has four requirements: "(1) that the claimant be a prevailing party; (2) that the Government's position was not substantially justified; (3) that no special circumstances make an award unjust; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of a final judgment in the action and be supported by an itemized statement." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (internal quotation marks and footnote omitted).[1]

In addition to the statutory requirements of the EAJA, a petition for attorney's fees filed in the Second Circuit must be supported by contemporaneous time records. *See N.Y. State Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("Hereafter, any attorney . . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done."); *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) ("In *New York State Ass'n for Retarded Children, Inc. v. Carey*, [the Second Circuit] crafted a new rule: any attorney . . . who applies for court-ordered compensation in this Circuit . . . must

---

[1] The Commissioner does not contest that these elements have been satisfied here. (*See* Comm'r's Opp'n to Pl.'s Mot. for Attorney's Fees 2 n.1 (Dkt. No. 15); R&R at 4.)

3

document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." (internal quotation marks omitted) (alterations in original)). The "onus of gathering the applicable docket entries and other court records, if any, is on the applying attorney, not the district court." *Scott v. City of N.Y.*, 643 F.3d 56, 59 (2d Cir. 2011) (per curiam). To be contemporaneous the records must be created "while the work is being done, or more likely, immediately thereafter. Descriptions of work recollected in tranquility days or weeks later will not do." *Jerolmon v. Astrue*, No. 10-CV-267, 2013 WL 210898, at *3 (D. Conn. Jan. 18, 2013) (internal quotation marks omitted). The failure to comply with these requirements will "result[] in [the] denial of the motion for fees." *Marion S. Mishkin Law Office*, 767 F.3d at 148 (internal quotation marks omitted).

C. <u>Analysis</u>

The R&R found that Plaintiff's counsel, the Olinsky Law Group ("OLG"), failed to submit contemporaneous time records supporting its fee application. (R&R at 4–5.) Judge Davison determined that the timekeeping software used by OLG was not configured for contemporaneous timekeeping until October 3, 2014, and therefore, Plaintiff was not entitled to any fees incurred before that date. (*Id.* at 5.) Plaintiff objects to this finding on the ground that OLG's billing system has been configured to contemporaneously keep time since August 29, 2014. (Pl.'s Obj's at 2.)[2]

---

[2] The Commissioner argues that Plaintiff waived this argument by failing to raise it before Judge Davison. (Comm'r's Response at 3.) Generally, objections to a report and recommendation that were not raised before the magistrate judge are deemed waived. *See, e.g.*, *Maxwell v. Conway*, No. 06-CV-14203, 2010 WL 4273296, at *1 n.2 (S.D.N.Y. Oct. 28, 2010) ("To the extent [p]etitioner's objections could be construed to raise arguments not presented in the original petition to Magistrate Judge Smith . . . such arguments are deemed waived."). Furthermore, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of N.Y.*, No. 08-CV-3782, 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011). *See also id.* ("Because [the] [p]laintiff failed to submit his

4

In reaching his conclusion, Judge Davison relied on a declaration that Plaintiff's counsel, Howard D. Olinsky, Esq. ("*Kottwitz* Declaration"), submitted in a separate action in the Southern District of New York in connection with an application for attorney's fees: *Kottwitz v. Commissioner of Social Security*, 14-CV-2677. (*See* John E. Gura, Jr. Decl. in Opp'n to Pl.'s Motion Ex. 1 ("*Kottwitz* Decl.") (Dkt. No. 16).)[3] In the *Kottwitz* Declaration, which was dated October 3, 2014, Olinsky states that the case management software used by OLG did not record time. (*See Kottwitz* Decl. ¶ 8 (OLG utilized Prevail software to track activity, but "time is not recorded"); *id.* at ¶ 9 (OLG utilized Worldox software to manage documents, but "the time is not recorded"). Olinsky further stated that OLG did not employ the "'stopwatch and write down' method of time[]keeping" either. (*Id.* at ¶ 10.) Olinsky did note, however, that the case management software vendor "has now activated a previously hidden ledger tab which contains a stopwatch feature which is currently in use at our firm, with the goal that every task be timed and recorded in our . . . database system." (*Id.* at ¶ 11.) In reliance on the *Kottwitz* Declaration, Magistrate Judge Sarah Netburn recommended in *Kottwitz* that the district court deny the plaintiff's application for attorney's fees because OLG failed to contemporaneously track time spent on the case. (*See* Report and Recommendation (Dkt. No. 22, 14-CV-2677 Dkt.).) The

---

evidence to the magistrate judge during the nearly six months between the filing of the instant motion and the preparation of [the] [r]eport and [r]ecommendation, [p]laintiff's untimely-submitted evidence is not properly before this [c]ourt."). As discussed more fully below, the Court modifies the R&R based on *Stroud v. Commissioner of Social Security*, No. 13-CV-3251, 2015 WL 2137697 (S.D.N.Y. May 6, 2015), and a declaration submitted therein. The report and recommendation was issued in *Stroud* after the Parties fully briefed Plaintiff's Motion and only nine days before Judge Davison issued the R&R. And the order modifying the *Stroud* report and recommendation was not issued until May 2015, a month after the R&R was issued in this case. *See id.* Therefore, Plaintiff did not have an opportunity to present an argument concerning *Stroud* before Judge Davison. Accordingly, the Court will consider this argument.

[3] The Commissioner submitted the *Kottwitz* Declaration in opposition to Plaintiff's Motion.

5

district court adopted the report and recommendation in its entirety.[4] (*See* Order Adopting Report and Recommendation (Dkt. No. 26, 14-CV-2677 Dkt.).)

At least two other cases have addressed OLG's timekeeping practices. In *Miranda v. Colvin*, the court, under circumstances similar to those presented here, relied on the *Kottwitz* Declaration to conclude that the plaintiff could not recover attorney's fees for time OLG worked on the case prior to October 3, 2014. (*See* Order (Dkt. No. 32, 13-CV-3264 Dkt.).) In *Stroud v. Commissioner of Social Security*, No. 13-CV-3251, 2015 WL 2137697 (S.D.N.Y. May 6, 2015), however, the court determined that OLG began tracking time contemporaneously on August 28, 2014. *See id.* at *1. The court reached this determination after it ordered OLG to submit a "declaration indicating the date on which the firm began keeping contemporaneous time records." *Id.* In the declaration that was subsequently submitted (the "*Stroud* Declaration"), Olinsky stated that OLG "began keeping contemporaneous time records in . . . all . . . cases on August 28, 2014." *Id.* (internal quotation marks omitted).

Plaintiff has not offered a declaration stating the exact date on which OLG began keeping contemporaneous time records. He instead argues that OLG's billing system began keeping contemporaneous time records "by August 29, 2014" and that the October 3, 2014 date used by Judge Davison and the court in *Kottwitz* was simply the date on which Olinsky signed the declaration, rather than the date OLG's software began keeping contemporaneous records. (Pl.'s Obj's at 2.)

In light of the *Stroud* Declaration, the Court finds that OLG began keeping contemporaneous time records on August 28, 2014. This conclusion is entirely consistent with

---

[4] The Court notes that the plaintiff in *Kottwitz* did not file any objections to the report and recommendation.

the *Kottwitz* Declaration because in that document Olinsky stated only that OLG's software vendor "has now activated a previously hidden ledger tab which contains a stopwatch feature which is currently in use at [OLG]," (*Kottwitz* Decl. ¶ 11); he did not state the date on which that feature was activated. Accordingly, the Court declines to accept the R&R's finding, which was made before the *Stroud* Declaration was created, that Plaintiff is not entitled to recover for attorney's fees incurred prior to October 3, 2014. Attorney's fees incurred by OLG on or after August 28, 2014 are compensable.

According to the time records submitted by Plaintiff, since August 28, 2014, OLG lawyers have spent 0.9 hours working on the case. Paralegals spent 3.95 hours on the case. (*See* Dkt. No. 12 at unnumbered 7.)[5] The R&R recommends an hourly rate of $195.60 for attorney time and $100.00 an hour for paralegal time. (R&R at 3.) Therefore, Plaintiff is awarded $571.04 in attorney's fees, along with costs of $51.03.

---

[5] Between August 28, 2014 and October 3, 2014, OLG paralegals spent 0.5 hours working on the present Action. (*See* Dkt. No. 12 at unnumbered 7.) No lawyers worked on the case during that period. (*Id.*) This additional time accounts for the $50 difference between the amount of attorney's fees recommended by the R&R ($521.04) and the amount calculated by the Court.

7

II. Conclusion

For the foregoing reasons, the Court adopts the R&R as modified herein. Plaintiff's motion is granted in part and he is awarded $571.04 in attorney's fees and $51.03 in costs. These sums may be paid directly to OLG. (*See* R&R at 6.) The Clerk of Court is respectfully directed to terminate the pending Motion. (Dkt. No. 11.)

SO ORDERED.

DATED:   October 21, 2016
         White Plains, New York

                                             _____
                                             KENNETH M. KARAS
                                             UNITED STATES DISTRICT JUDGE